## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN MELE, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.  21-cv-4477 |
| | ) | |
| v. | ) | Hon. |
| | ) | |
| | ) | Magistrate Judge |
| PAN-OCEANIC ENGINEERING, CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Martin Mele, by his attorneys Anderson Law Offices P.C. and pursuant to the applicable rules of the Federal Rules of Civil Procedure, complains of defendant Pan-Oceanic Engineering Company, Inc., as follows:

Introduction: This is a suit for prohibited interference and retaliation in violation of Section 510 of ERISA. It is brought by a benefit plan participant against his former employer, who has sued him in state court to recover benefit plan contributions that it paid to union trust funds. The contributions were required of the former employer pursuant to a trust funds audit under ERISA and a collective bargaining agreement.

## COUNT I
## INTERFERENCE IN VIOLATION OF ERISA §510

1.      Jurisdiction is based on Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(a) and (b).

3.      Plaintiff ("Mele") is a citizen of Illinois.  Defendant ("POE") is a corporation organized under the laws of Illinois and based in Chicago.  Both parties are located in this federal district.

4.      At all relevant times POE was signatory to a collective bargaining agreement ("CBA") with the union known as Construction and General Laborers District Council of Chicago and Vicinity (the "Union"), which incorporates by reference the area agreement in force between Union and the Chicago area multi-employer bargaining association ("MARBA").  The CBA is attached hereto as Exhibit A.

5.      Pursuant to the CBA and area agreement POE was required to make contributions to various fringe benefit funds (the "Funds") for each hour worked. A true copy of the area agreement in effect for the period June 1, 2013 to May 31, 2017 is attached hereto as Exhibit B and is made a part hereof.  Its predecessor, in effect from 2009 to 2013, identically addresses what hours are covered work.  POE was bound to these agreements by virtue of it signing a CBA with the union.

6.      Mele was employed by POE as a laborer foreman in 2009, then became a general superintendent and also a job superintendent. Each of these positions at all relevant times was a bargaining unit position under the CBA and the area agreements.  He left POE briefly in early 2012 but resumed working there in this same year in the general superintendent and site superintendent positions.  He worked at POE in these positions until March 2015.

7.      In June 2017 the Funds advised POE that Mele's work for 2012 to 2015 was covered work under the CBA and that POE owed contributions to the trust funds for the hours he worked. Thereafter the Funds conducted an audit of POE's records and work practices and determined that POE was liable to the Funds in the amount of $209,522.36, which POE then paid pursuant to the audit.  The Funds have credited this amount to Plaintiff's account.

8.      As is legally and contractually required of signatory employers with regard to benefit plans administered by trust funds in the construction industry, contributions to the Funds are credited to each participant's accounts.  These include health and welfare coverage and pension benefits. In his case Plaintiff was a participant in these benefit plans.

9.      On March 21, 2020, in reaction to its obligation to pay these contributions, POE sued Mele in state court for damages, alleging, inter alia, common law breach of an oral agreement, common law fraud, and unjust enrichment. This was amended. A copy of the Second Amended Complaint filed by POE, in a suit now pending in the Cook County Circuit Court, Law Division, Case #2020 L 3734, is attached hereto as Exhibit C (the "State Court Suit").

10.     The State Court Suit claims fraud and unjust enrichment and demands payment of the $209,522.36 disbursed by POE to the Funds, as stated above. POE in the State Court Suit claims that it believed plaintiff's alleged representation in October 2012 at a meeting with Defendant's President that Plaintiff's hours worked from 2012 to 2016 were not "covered work."

11.     In the State Court Suit POE claims Plaintiff in October 2012 intentionally misrepresented to the President of POE, an experienced union contractor, that Plaintiff's work was not "covered work" under the POE and that POE had reasonably relied on this alleged misrepresentation alone as a basis for not paying contributions into the Union trust funds for the next three years.

12.     The undisputable fact is that the $209,522.36 payment was an obligation of POE under its CBA with the Laborers Union.  Mele's entitlement as a beneficiary to benefits under the Funds' benefit plans was a protected activity under ERISA, and his role as beneficiary was and is an exercise of his rights under an ERISA-governed benefit plan. The State Court suit was deliberately brought by POE to harass and retaliate against Mele as a participant in these plans.

13.     Section 510 of ERISA, 29 U.S.C. 1140 provides:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act [ 29 U.S.C.A. §  301 et seq. ], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.  It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter or the Welfare and Pension Plans Disclosure Act.  In the case of a multiemployer plan, it shall be unlawful for the plan sponsor or any other person to discriminate against any contributing employer for exercising rights under this chapter or for giving information or testifying in any inquiry or proceeding relating to this chapter

3

before Congress.   The provisions of section 1132 of this title shall be applicable
in the enforcement of this section.

14.    POE is violating Section 510 of ERISA by interfering with his entitlement to

benefits under the law.  POE's conduct was prohibited conduct taken for the purpose of

interfering with Plaintiff's right to which he became or may have become entitled. The state

court suit represents a conscious effort to interfere with Plaintiff's attainment of benefits.  If the

state court were to rule against plaintiff, it would be issuing a court order requiring plaintiff to

disgorge benefits belonging to him under federal law.

        **WHEREFORE**, Plaintiff Martin Mele prays for judgment in his favor and

against defendant Pan-Oceanic Engineering, Inc., and asks this Honorable Court for equitable

relief, including:

    a) an injunction restraining and prohibiting the court suit filed by the defendant against
    plaintiff,

    b) the award of attorney's fees and costs for Martin M. Mele's defense of that suit,

    c) the award of attorney's fees and costs for prosecution of this suit, and

    d) any other relief this Court deems proper.


## COUNT II
## RETALIATION IN VIOLATION OF ERISA §510

1-13.    Plaintiff incorporates by reference the allegations stated in Count I of the

Complaint as though fully set forth herein, *in haec verba*.

14.    Defendant POE retaliated against Plaintiff and continues to do so when

commencing and litigating its state court suit demanding that Plaintiff reimburse Pan

Oceanic for the contributions it paid in compliance with the Laborers Funds audit.

**WHEREFORE**, Plaintiff Martin Mele prays for judgment in his favor and against defendant Pan-Oceanic Engineering, Inc., and asks this Honorable Court for equitable relief, including:

    a) an injunction restraining and prohibiting the court suit filed by the defendant against plaintiff,

    b) the award of attorney's fees and costs for Martin M. Mele's defense of that suit,

    c) the award of attorney's fees and costs for prosecution of this suit, and

    d) any other relief this Court deems proper.


MARTIN M. MELE

By: _____

One of his Attorneys

Burr E. Anderson
Anderson Law Offices P.C.
400 Lake Cook Road, Suite 221-A
Deerfield, IL 60015
ARDC#  3121649
Telephone:  (312) 957-1100
burranderson@AndersonLawIL.com